Chirocare Chiropractic Associates, as Assignee of ANTONETA MERTIRI, Appellant, 
against
State Farm Mutual Automobile Insurance Company, Respondent.



Appeal from an order of the District Court of Suffolk County, Third District




(C. Stephen Hackeling, J.), dated June 4, 2014. The order granted the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that the action is barred by virtue of defendant's workers' compensation fee schedule defense. 
ORDERED that the order is reversed, without costs, and the matter is remitted to the District Court for a new determination of defendant's motion for summary judgment dismissing the complaint, in accordance with the decision herein.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint, asserting that it had timely and properly denied the claims at issue on the ground of lack of medical necessity, based on an affirmed independent medical examination report. In the supporting papers, defendant also argued that a portion of each claim sought to be recovered was in excess of the amount permitted by the workers' compensation fee schedule and, thus, in any event, so much of the complaint as sought such excess amount should be dismissed. Defendant's denial of claim forms indicate that no payments had been made on the claims. Plaintiff made no arguments and proffered no evidence in its opposition papers with respect to the fee schedule issue. By order dated June 4, 2014, the District Court granted defendant's motion to dismiss the complaint, stating that the court's "determination is made on the basis of defendant's preserved fee schedule defense." 
Plaintiff argues on appeal that its opposition papers in the District Court were sufficient to raise a triable issue of fact as to both the fee schedule defense and defendant's claim that the services rendered lacked medical necessity. 
At the outset, we note that the District Court never addressed the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground of lack of medical necessity. With respect to defendant's workers' compensation fee schedule defense, as defendant has indicated that it had made no payments on the claims, it was only seeking to dismiss so much of the complaint as sought to recover an amount in excess of the workers' compensation fee schedule, and, thus, it was error for the District Court to have awarded defendant summary judgment dismissing the entire complaint on that basis. In view of the foregoing, the District Court should have first addressed defendant's claim for summary judgment dismissing the [*2]complaint on the ground of lack of medical necessity, as that defense was potentially dispositive of the entire action. 
Accordingly, the order is reversed and the matter is remitted to the District Court for a new determination of defendant's motion for summary judgment dismissing the complaint in accordance with this decision.
Marano, P.J., Tolbert and Garguilo, JJ., concur.
Decision Date: July 20, 2016